**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, GERARD SCARANO, H. J. BRAMLETT, EUGENE GEORGE, PAUL SONGER, WILLIAM MCCONNELL, CHARLES VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, and BENJAMIN CAPP<br>as Trustees of, and on behalf of, the<br>BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,<br>  620 F Street, N.W.<br>  Washington, DC  20004<br>  (202) 783-3788,<br><br>and<br><br>JIM ALLEN, MATTHEW AQUILINE, LON BEST, JAMES BOLAND, TED CHAMP, RAYMOND CHAPMAN, VINCENT DELAZZARO, BRUCE DEXTER, JOHN FLYNN, EUGENE GEORGE, GREGORY HESS, FRED KINATEDER, DAN KWIATKOWSKI, KEN LAMBERT, SANTO LANZAFAME, DICK LAUBER, WILLIAM MCCONNELL, EDWARD NAVARRO, GERLAD O'MALLEY, JOHN PHILLIPS, CHARLES RASO, MARK ROSE, KEVIN RYAN, GERARD SCARANO, MICHAEL SCHMERBECK, PAUL SONGER, JOSEPH SPERANZA, and FRED VAUTOUR<br>as Trustees of, and on behalf of, the<br><br>INTERNATIONAL MASONRY INSTITUTE,<br>  620 F Street, N.W.<br>  Washington, DC  20004<br>  (202) 783-3788<br><br>          Plaintiffs,<br><br>          v.<br><br>TITAN STONE, TILE & MASONRY, INC.,<br>  70 Supor Boulevard, Building C<br>  Harrison, NJ  07029, | **Case No.: 1:07-cv-01846 (RMC)** |

TITAN STONE, TILE & MASONRY OF FLORIDA, LLC,
  730 NW 7th Street
  Fort Lauderdale, FL  33311,

TITAN INTERIORS, LLC,
  206 Route 46, Second Floor
  Fairfield, NJ  07004,

TITAN EXTERIOR WALL SYSTEMS, INC.,
  70 Supor Boulevard, Building C
  Harrison, NJ  07029,

  and

TITAN STONE & TILE OF NEVADA, LLC,
  9430 Supernova Court
  Las Vegas, NV  89123,

      Defendants.

## ANSWER TO COMPLAINT AND DEFENSES

Defendants, Titan Interiors, LLC ("Titan Interiors") and Titan Stone & Tile of Nevada, LLC ("Titan Stone") (collectively "Defendants"), for their Answer to the Complaint of Plaintiffs, say:

### CAUSES OF ACTION

### Jurisdiction and Venue

1. With respect to the allegations contained in Paragraph 1 of the Complaint, admit that Plaintiffs purport to assert a claim under the Employee Retirement Income Security Act ("ERISA"), and further admit that Plaintiffs purport to invoke this Court's jurisdiction over said claim pursuant to ERISA; except as so admitted, deny that there exists any basis in law or fact for Plaintiffs' claims or for the Court to assert jurisdiction over said claims.

2.    Lack sufficient knowledge or information to admit or deny the allegations contained in the first sentence of Paragraph 2 of the Complaint.  With respect to the allegations contained in the second sentence of said paragraph, admit that Plaintiffs purport to lay venue for their claims in this Court and deny that there exists any basis in law or fact for such claims or venue.

### Parties

3.    Deny the allegations contained in Paragraph 3 of the Complaint as conclusions of law to which no response is required.  To the extent that Paragraph 3 contains allegations of fact, Defendants lack sufficient knowledge or information to admit or deny same.

4.    Deny the allegations contained in Paragraph 4 of the Complaint because they purport to state the terms of documents which speak for themselves, and further deny said allegations because they constitute conclusions of law to which no response is required.  To the extent that Paragraph 4 contains allegations of fact, Defendants deny same.

5.    Deny the allegations contained in Paragraph 5 of the Complaint as conclusions of law to which no response is required.  To the extent that Paragraph 5 contains allegations of fact, Defendants lack sufficient knowledge or information to admit or deny same.

6.    Deny the allegations contained in Paragraph 6 of the Complaint because they purport to state the terms of documents which speak for themselves, and further deny said allegations because they constitute conclusions of law to which no response is required.  To the extent that Paragraph 6 contains allegations of fact, Defendants deny same.

7.    Lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. Lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. Admit the allegations contained in Paragraph 9 of the Complaint.

10. Lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. Deny the allegations contained in Paragraph 11 of the Complaint, except admit that Titan Stone & Tile of Nevada, LLC maintained an office located at 9430 Supernova Court, Las Vegas, Nevada during all times relevant to the Complaint.

12. With respect to the allegations contained in Paragraph 12 of the Complaint, admit that Titan Interiors has employed members of the International Union of Bricklayers and Allied Craftworkers and affiliated local unions, deny that Titan Interiors is a "building and construction industry employer" and "performed work within the work jurisdiction of the Union and the collective bargaining agreements signed" by Titan because such phrases are defined within a document that speaks for itself, and lack sufficient knowledge or information to admit or deny the remaining allegations thereof.

## Violation Charged

13. Lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. Lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. Admit the allegations contained in Paragraph 15 of the Complaint.

16. Deny the allegations contained in Paragraph 16 of the Complaint because they purport to state the terms of documents which speak for themselves.

17. Deny the allegations contained in Paragraph 17 of the Complaint because they constitute conclusions of law to which no response is required. To the extent that a response is required, lack sufficient knowledge or information to admit or deny same.

18. Lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19. Lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20. Lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21. Lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22. Lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23. Lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24. Deny the allegations contained in Paragraph 24 of the Complaint.

25. Deny the allegations contained in Paragraph 25 of the Complaint, except to state that Titan Interiors, despite its best efforts, was unable to confirm an appointment with Plaintiffs' auditor to review Titan Interiors' books and records.

26. Deny the allegations contained in Paragraph 26 of the Complaint.

27. Deny the allegations contained in Paragraph 27 of the Complaint because they purport to state the terms of documents which speak for themselves.

28. Deny the allegations contained in the first sentence of Paragraph 28 of the Complaint because they constitute a conclusion of law to which no response is required, and lack sufficient knowledge or information to admit or deny the allegations contained in the second sentence of said paragraph.

29. Deny the allegations contained in Paragraph 29 of the Complaint as conclusions of law to which no response is required.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

### FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

The Complaint fails to state a claim on which an award of attorneys' fees can be granted.

### THIRD DEFENSE

The Complaint is barred by the doctrine of laches.

### FOURTH DEFENSE

The Complaint is barred by the doctrine of waiver.

### FIFTH DEFENSE

The Complaint is barred by the doctrine of estoppel.

### SIXTH DEFENSE

The Complaint is barred by the doctrine of unclean hands.

### SEVENTH DEFENSE

The Complaint is barred by the doctrine of unjust enrichment.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## NINTH DEFENSE

The Complaint is barred by Plaintiffs' failure to exhaust administrative remedies prior to filing suit.

## TENTH DEFENSE

The allegations contained in the Complaint do not establish that Defendants constitute a single employer, joint employer and/or alter ego company with Titan Stone, Tile & Masonry, Inc.; Titan Stone, Tile & Masonry of Florida, LLC; and/or Titan Exterior Wall Systems, Inc.

## ELEVENTH DEFENSE

Defendants reserve the right to assert additional defenses based upon facts learned during discovery.

**WHEREFORE**, Defendants request judgment against Plaintiffs with respect to the claims asserted in the Complaint, dismissing the Complaint in the above action, together with costs and disbursements and any other relief this Court may deem just and proper.

| | |
|---|---|
| Date: December 19, 2007<br>Washington, D.C. | **LITTLER MENDELSON, P.C.**<br><br>/s/ Katherine E. Bierma Pregel<br>Katherine E. Bierma Pregel (D.C. Bar No. 486615)<br>Kbpregel@littler.com<br>1150 17th Street, N.W.<br>Suite 900<br>Washington, DC  20036<br>202.842.3400  Telephone<br>202.842.0011  Facsimile<br><br>Russell J. McEwan (*pro hac* vice pending)<br>rmcewan@littler.com<br>Bryan M. Churgin (*pro hac vice* pending)<br>bchurgin@littler.com<br>One Newark Center<br>8th Floor<br>Newark, NJ 07102-5311<br>973.848.4700  Telephone<br>973.643.5626  Facsimile<br><br>Attorneys for Defendants<br>Titan Interiors, LLC and<br>Titan Stone & Tile of Nevada, LLC |

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing Defendants' Answer to Complaint and Defenses was served this 19th day of December via ECF Filing upon:

> Ira R. Mitzner, Esquire
> Dickstein Shapiro LLP
> 1825 Eye Street, N.W.
> Washington, DC  20006-5403
> Counsel for Plaintiffs

> /s/ Katherine E. Bierma Pregel
> Katherine E. Bierma Pregel