IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TITAN STONE, TILE & MASONRY, )<br>INC., et al. )<br>)<br>)<br>Defendants. )<br>)<br>) | Case No. 1:07-CV-01846 (RMC)<br><br>ANSWER AND SEPARATE DEFENSES<br>ON  BEHALF OF STONE, TILE &<br>MASONRY, INC. |

**ANSWER TO COMPLAINT AND DEFENSES**

Defendants, Titan Stone, Tile & Masonry, Inc., (hereinafter "Titan") for their Answer to the Complaint of Plaintiffs say:

**CAUSE OF ACTION**
**Jurisdiction and Venue**

1. With respect to the allegations in Paragraph #1 of Plaintiffs' Complaint, Defendant Titan admits the allegations contained therein.

2. Defendant Titan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph #2 of Plaintiffs' Complaint.

**Parties**

3. Defendant Titan admits the allegations contained in Paragraph #3 of Plaintiffs' Complaint.

4. Defendant Titan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph #4 of Plaintiffs' Complaint.

5. Defendant Titan admits the allegations contained in Paragraph #5 of Plaintiffs' Complaint.

6. Defendant Titan admits the allegations contained in Paragraph #6 of Plaintiffs' Complaint.

7. Defendant Titan admits the allegations contained in Paragraph #7 of Plaintiffs' Complaint.

8. Defendant Titan admits the allegations contained in Paragraph #8 of Plaintiffs' Complaint.

9. Defendant Titan admits the allegations contained in Paragraph #9 of Plaintiffs' Complaint.

10. Defendant Titan admits the allegations contained in Paragraph #10 of Plaintiffs' Complaint.

11. Defendant Titan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph #11 of Plaintiffs' Complaint.

12. Defendant Titan admits the allegations contained in Paragraph #12 of Plaintiffs' Complaint as to Titan Stone, Tile & Masonry, but Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the balance of Paragraph #12 of Plaintiffs' Complaint.

## Violation Charged

13. Defendant Titan admits the allegations contained in Paragraph #13 of Plaintiffs' Complaint.

14. Defendant Titan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph #14 of Plaintiffs' Complaint.

15. Defendant Titan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph #15 of Plaintiffs' Complaint.

16. Defendant Titan admits the allegations contained in Paragraph #16 of Plaintiffs' Complaint as to Titan Stone, Tile & Masonry.

17. Defendant Titan admits the allegations contained in Paragraph #17 of Plaintiffs' Complaint as to Titan Stone, Tile & Masonry.

18. Defendant Titan denies the allegations contained in Paragraph #18 of Plaintiffs' Complaint.

19. Defendant Titan denies the allegations contained in Paragraph #19 of Plaintiffs' Complaint.

20. Defendant Titan denies knowledge of a judgment, but admits Exhibit E is an amended judgment.

21. Defendant Titan admits the allegations contained in Paragraph #21 of Plaintiffs' Complaint as to Titan Stone, Tile & Masonry.

22. Defendant Titan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph #22 of Plaintiffs' Complaint.

23. Defendant Titan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph #23 of Plaintiffs' Complaint.

24. Defendant Titan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph #24 of Plaintiffs' Complaint.

25. Defendant Titan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph #25 of Plaintiffs' Complaint.

26. Defendant Titan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph #26 of Plaintiffs' Complaint.

27. Defendant Titan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph #27 of Plaintiffs' Complaint.

28. Defendant Titan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph #28 of Plaintiffs' Complaint.

29. Defendant Titan denies the allegations contained in Paragraph #219 of Plaintiffs' Complaint.

30. Defendant Titan denies the allegations contained in Paragraph #30 of Plaintiffs' Complaint.

**FIRST DEFENSE**

The Complaint fails to state a claim on which relief can be granted.

**SECOND DEFENSE**

The Complaint fails to state a claim on which an award of attorneys' fees can be granted.

**THIRD DEFENSE**

The Complaint is barred by the doctrine of laches.

**FOURTH DEFENSE**

The Complaint is barred by the doctrine of waiver.

**FIFTH DEFENSE**

The Complaint is barred by the doctrine of estoppel.

**SIXTH DEFENSE**

The Complaint is barred by the doctrine of unclean hands.

**SEVENTH DEFENSE**

The Complaint is barred by the doctrine of unjust enrichment.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or on part, by the applicable statute of limitations.

## NINTH DEFENSE

The Complaint if barred by Plaintiffs' failure to exhaust administrative remedies prior to filing suit.

## TENTH DEFENSE

The allegations contained in the Complaint do not establish that Defendants constitute a single employer, joint employer and/or alter ego company with Titan Stone & Tile of Nevada, LLC, Titan Interiors, LLC, Titan Stone, Tile & Masonry of Florida, LLC, and/or Titan Exterior Wall Systems, Inc.

## ELEVENTH DEFENSE

Defendants reserve the right to assert additional defenses based upon facts learned during discovery.

WHEREFORE, Defendants request judgment against Plaintiffs with respect to the claims asserted in the Complaint, dismissing the Complaint in the above action, together with costs and disbursements and any other relief this Court may deem just and proper.

Respectfully submitted,

\_\_\_/s/_____
James Edward Rubin, (Bar No. 456945)
The Rubin Employment Law Firm, PC
11 North Washington Street
Suite 520
Rockville, MD  20850
(301) 760 7914
(301) 760 7234
jrubin@rubinemploymentlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing to be served by first class mail this 29th day of May to the following:

Titan Exterior Wall Systems, Inc.
80 Supor Boulevard, Building C
Harrison, NJ 07029

Titan Interiors, LLC and Titan Stone & Tile of Nevada, LLC
c/o Katherine E. Bierma Pregel, Esquire
Littler Mendelson, P.C.
1150 17th Street, NW, Suite 900
Washington, DC 20036

Titan Interiors, LLC and Titan Stone & Tile of Nevada, LLC
c/o Russel J. McEwan, Esquire
Brian Churgin, Esquire
One Newark Center, 8th Floor
Newark, NJ 07102

Titan Stone & Masonry, Inc.
Angelo R. Bianchi, Esquire
80 Orchard Street
Bloomfield, NJ 07003

Titan Stone and Masonry of Florida, LLC
c/o Melinda S. Gentile, Esquire
401 East Los Olas Blvd.
Suite 1600
Fort Lauderdale, FL 33301

Plaintiffs
c/o Ira R. Mitzner
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403

　　　　　　　　　　　　　　　　　　　__/s/_____
　　　　　　　　　　　　　　　　　　　James Edward Rubin