IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT, EUGENE GEORGE, PAUL SONGER, WILLIAM MCCONNELL, CHARLES VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, and BENJAMIN CAPP as Trustees of, and on behalf of, the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,<br>    620 F Street, N.W.<br>    Washington, DC 20004<br>    (202) 783-3788,<br><br>    and<br><br>JIM ALLEN, MATTHEW AQUILINE, LON BEST, JAMES BOLAND, TED CHAMP, RAYMOND CHAPMAN, VINCENT DELAZZERO, BRUCE DEXTER, JOHN FLYNN, EUGENE GEORGE, GREGORY HESS, FRED KINATEDER, DAN KWIATKOWSKI, KEN LAMBERT, SANTO LANZAFAME, DICK LAUBER, WILLIAM MCCONNELL, EDWARD NAVARRO, GERALD O'MALLEY, JOHN PHILLIPS, CHARLES RASO, MARK ROSE, KEVIN RYAN, GERARD SCARANO, MICHAEL SCHMERBECK, PAUL SONGER, JOSEPH SPERANZA, and FRED VAUTOUR as Trustees of, and on behalf of, the INTERNATIONAL MASONRY INSTITUTE,<br>    620 F Street, N.W.<br>    Washington, DC 20004<br>    (202) 783-3788,<br><br>               Plaintiffs,<br><br>               v.<br><br>TITAN STONE, TILE & MASONRY, INC.,<br>    70 Supor Boulevard, Building C<br>    Harrison, NJ 07029, | Case No. 07-cv-01846 RMC |

1

| | |
|---|---|
| TITAN STONE, TILE & MASONRY OF FLORIDA, LLC, | ) |
|     730 NW 7th Street | ) |
|     Fort Lauderdale, FL 33311, | ) |
| TITAN INTERIORS, LLC, | ) |
|     206 Route 46, Second Floor | ) |
|     Fairfield, NJ 07004, | ) |
| TITAN EXTERIOR WALL SYSTEMS, INC., | ) |
|     70 Supor Boulevard, Building C | ) |
|     Harrison, NJ 07029, | ) |
|     and | ) |
| TITAN STONE & TILE OF NEVADA, LLC, | ) |
|     9430 Supernova Court | ) |
|     Las Vegas, NV 89123, | ) |
|         Defendants. | ) |

**DEFENDANT TITAN STONE, TILE & MASONRY OF FLORIDA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant, TITAN STONE, TILE & MASONRY OF FLORIDA, LLC's ("Titan Florida") by and through undersigned counsel, Peckar & Abramson, P.C., files this Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT, EUGENE GEORGE, PAUL SONGER, WILLIAM MCCONNELL, CHARLES VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, and BENJAMIN CAPP as Trustees of and on behalf of, the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, 620 F Street, N.W. Washington, DC 20004 (202) 783-3788 and JIM ALLEN, MATTHEW AQUILINE, LON BEST, JAMES BOLAND, TED CHAMP, RAYMOND CHAPMAN, VINCENT DELAZZERO, BRUCE DEXTER, JOHN

2

FLYNN, EUGENE GEORGE, GREGORY HESS, FRED KINATEDER, DAN KWIATKOWSKI, KEN LAMBERT, SANTO LANZAFAME, DICK LAUBER, WILLIAM MCCONNELL, EDWARD NAVARRO, GERALD O'MALLEY, JOHN PHILLIPS, CHARLES RASO, MARK ROSE, KEVIN RYAN, GERARD SCARANO, MICHAEL SCHMERBECK, PAUL SONGER, JOSEPH SPERANZA, and FRED VAUTOUR as Trustees of, and on behalf of, the INTERNATIONAL MASONRY INSTITUTE, 620 F Street, N.W. Washington, DC 20004 (202) 783-3788 (collectively, the "Plaintiffs") and states as follows:

## Jurisdiction and Venue

1. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same and demands strict proof thereof.

2. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of the Complaint and, therefore, denies the same and demands strict proof thereof.

## Parties

3. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of the Complaint and, therefore, denies the same and demands strict proof thereof.

4. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 4 of the Complaint and, therefore, denies the same and demands strict proof thereof.

5.  Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of the Complaint and, therefore, denies the same and demands strict proof thereof.

6.  Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same and demands strict proof thereof.

7.  Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same and demands strict proof thereof.

8.  Titan Florida admits the allegations contained in Paragraph 8 of the Complaint.

9.  Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the same and demands strict proof thereof.

10. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same and demands strict proof thereof.

11. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 11 of the Complaint and, therefore, denies the same and demands strict proof thereof.

12. In response to Paragraph 12 of the Complaint, Titan Florida admits that it is a building and construction industry employer and has employed members of the International Union of Bricklayers and Allied Craftworkers and affiliated local unions ("Union"). Titan Florida also admits that it performed work within the work jurisdiction of the Union and the

collective bargaining agreements signed with the Union and Titan Florida. As to the remaining allegations contained in Paragraph 12 of the Complaint, Titan Florida is without sufficient knowledge to either admit or deny and, therefore, denies the same and demands strict proof thereof.

### **Violation Charged**

13.   Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same and demands strict proof thereof.

14.   In response to Paragraph 14 of the Complaint, Titan Florida admits that it executed a collective bargaining agreement with the Union. By way of further response, Titan Florida states that Exhibit C to the Complaint is a collective bargaining agreement and it speaks for itself and denies any characterizations thereof. Furthermore, Titan Florida states that the collective bargaining agreement attached as Exhibit C to the Complaint is not the entire operative agreement by and between Titan Florida and the Union.

15.   Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the same and demands strict proof thereof.

16.   In response to Paragraph 16 of the Complaint, Titan Florida admits that it had an agreement with the Union whereby Titan Florida agreed to pay defined contributions on behalf of employees for covered work. As to the remaining allegations contained in Paragraph 16 of the Complaint, Titan Florida denies same and demands strict proof thereof.

17. In response to Paragraph 17 of the Complaint, Titan Florida admits that it was aware of its obligation to make certain contributions. As to remaining allegations contained in Paragraph 17 of the Complaint, Titan Florida denies same and demands strict proof thereof.

18. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same and demands strict proof thereof.

19. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same and demands strict proof thereof.

20. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same and demands strict proof thereof.

21. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same and demands strict proof thereof.

22. In response to Paragraph 22 of the Complaint, Titan Florida admits that an audit of Titan Florida's books and records were performed by the accounting firm of Gordon & Schwartz, PA, covering the time period of January 2000 through March 2005. As to the remaining allegations contained in Paragraph 22 of the Complaint, Titan Florida denies same and demands strict proof thereof.

23. Titan Florida denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof.

24. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 24 of the Complaint and, therefore, denies the same and demands strict proof thereof.

25. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 25 of the Complaint and, therefore, denies the same and demands strict proof thereof.

26. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 26 of the Complaint and, therefore, denies the same and demands strict proof thereof.

27. Titan Florida is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 27 of the Complaint and, therefore, denies the same and demands strict proof thereof.

28. In response to the allegations contained in Paragraph 28 of the Complaint, Titan Florida is without sufficient knowledge to either admit or deny that Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1), and, therefore, denies the same and demands strict proof thereof. As to the remaining allegations contained in Paragraph 28 of the Complaint, Titan Florida denies same and demands strict proof thereof.

29. Titan Florida denies the allegations contained in Paragraph 29 of the Complaint and demands strict proof thereof.

30. Titan Florida denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

31.     As to Plaintiffs' prayer for judgment against all Defendants, Titan Florida states the following:

    (a)    In response to Subparagraph (1)(a) of Plaintiffs' prayer for judgment, Titan Florida denies any legal liability for the amounts sought by the Plaintiffs as these amounts are for claims sought against Titan Stone.

    (b)    In response to Subparagraph (1)(b) of Plaintiffs' prayer for judgment, Titan Florida denies that it owes any amounts to Plaintiffs.

    (c)    In response to Subparagraph (1)(c) of Plaintiffs' prayer for judgment, Titan Florida denies any legal liability for the amounts sought by the Plaintiffs as these amounts are for claims sought against Titan Interiors.

    (d)    Titan Florida denies Plaintiffs' claims based on alter ego or joint and several liability contained in subparagraph (1)(d) of Plaintiffs' prayer for judgment.

    (e)    In response to Subparagraph (1)(e) of Plaintiffs' prayer for judgment, Titan Florida states that it has already provided Plaintiffs' auditor, its books and records, including, but not limited to, their payroll records.

    (f)    In response to Subparagraph (1)(f) of Plaintiffs' prayer for judgment, Titan Florida states that Plaintiffs are not entitled to costs for filing this action unless and until a judgment in favor of the plan is awarded pursuant to 29 U.S.C. 1132 (g)(2).

    (g)    In response to Subparagraph (2) of Plaintiffs' prayer for judgment, Titan Florida states that Plaintiffs are not entitled to attorneys' fees and costs for incurred in this action unless and until a judgment in favor of the plan is awarded pursuant to 29 U.S.C. 1132 (g)(2).

(h)   In response to Subparagraph (3) of Plaintiffs' prayer for judgment, Titan Florida states that it has already complied with its obligations to submit all required reports and make all contributions due and owing to IPF, IMI, and Local Funds.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against Titan Florida are barred because Titan Florida at all times acted in good faith.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under the terms of the operative collective bargaining agreement by and between the Union and Titan Florida.  Specifically, Titan Florida is not obligated to make contributions for residential work, only commercial.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under the terms of the operative collective bargaining agreement by and between the Union and Titan Florida.  Specifically, Titan Florida is not obligated to make contributions for a ninety (90) day probation period for those individuals where the local union has no information on past work history.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Titan Florida are barred in whole or in part because Titan Florida at all times properly submitted required reports and contributions for covered work within the geographic jurisdiction of the Local 1 Florida Funds pursuant to the terms the operative collective bargaining agreement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Titan Florida are barred in whole or in part because Titan Florida is not an alter ego of Titan Stone or Titan Interiors.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Titan Florida are barred in whole or in part because Plaintiffs have failed to adhere to the terms of the operative collective bargaining agreement.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Titan Florida are barred in whole or in part because Plaintiffs have failed to include all operative collective bargaining agreements between Titan Florida and the Union.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Titan Florida are barred in whole or in part because Plaintiffs' audit of Titan Florida's books and records performed by the accounting firm of Gordon & Schwartz is inaccurate and flawed.

### NINTH AFFIRMATIVE DEFENSE

Titan Florida is entitled to its attorneys' fees and costs in defending against Plaintiffs' erroneous claims pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE**, Defendant TITAN STONE, TILE & MASONRY OF FLORIDA, LLC demands that the Complaint filed by Plaintiffs, JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT, EUGENE GEORGE, PAUL SONGER, WILLIAM MCCONNELL, CHARLES VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, and BENJAMIN CAPP as Trustees of and on behalf of, the BRICKLAYERS & TROWEL

TRADES INTERNATIONAL PENSION FUND, 620 F Street, N.W. Washington, DC 20004 (202) 783-3788, and JIM ALLEN, MATTHEW AQUILINE, LON BEST, JAMES BOLAND, TED CHAMP, RAYMOND CHAPMAN, VINCENT DELAZZERO, BRUCE DEXTER, JOHN FLYNN, EUGENE GEORGE, GREGORY HESS, FRED KINATEDER, DAN KWIATKOWSKI, KEN LAMBERT, SANTO LANZAFAME, DICK LAUBER, WILLIAM MCCONNELL, EDWARD NAVARRO, GERALD O'MALLEY, JOHN PHILLIPS, CHARLES RASO, MARK ROSE, KEVIN RYAN, GERARD SCARANO, MICHAEL SCHMERBECK, PAUL SONGER, JOSEPH SPERANZA, and FRED VAUTOUR as Trustees of, and on behalf of, the INTERNATIONAL MASONRY INSTITUTE, 620 F Street, N.W. Washington, DC 20004 (202) 783-3788 be dismissed with prejudice and requests the award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1) and such other relief this Honorable Court deems just, equitable, and proper.

        Respectfully submitted,

        /s/ Nick R. Hoogstraten
        NICK R. HOOGSTRATEN
        DC Bar No. 413045
        **PECKAR & ABRAMSON, P.C.**
        Two Lafayette Centre
        1133 21st Street, N.W., Suite 500
        Washington, D.C. 20036
        Telephone: (202) 293-8815
        Facsimile: (202) 293-7994
        nhoogstraten@pecklaw.com

        Counsel for Titan Stone, Tile & Masonry of Florida, LLC