IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TITAN STONE, TILE & MASONRY, INC., et al., <br><br> Defendants. | Case No. 1:07-CV-01846 (RMC) |

## PLAINTIFFS, JOHN FLYNN, ET AL.'S AND DEFENDANTS, TITAN STONE, TILE & MASONRY INC.'S AND TITAN STONE, TILE & MASONRY OF FLORIDA, LLC'S JOINT STATEMENT OF STATUTORY BASIS FOR ALL CAUSES OF ACTION AND BRIEF STATEMENT OF CASE[1]

Pursuant to this Honorable Court's Scheduling Orders dated June 12, 2008 and June 17, 2008, respectively, Plaintiffs, John Flynn, et al. ("Plaintiffs"), and Defendants, Titan Stone, Tile & Masonry, Inc. ("Titan Stone, Inc.") and Titan Stone, Tile & Masonry of Florida, LLC ("Titan Florida"), jointly submit the following Joint Statement of Statutory Basis for All Causes of Action and Brief Statement of Case ("Joint Statement"):

### Jurisdiction and Venue

1. This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF" or "Fund") and the fiduciaries of the International Masonry Institute ("IMI") to enforce the terms of the Plan and Trust Agreements adopted by the IPF and IMI, and the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This action arises under the laws of the United States, specifically Section

---

[1] On May 15, 2008, Plaintiffs, John Flynn, et al. and Defendants, Titan Interiors, LLC and Titan Stone & Tile of Nevada, LLC filed a Joint Statement of Statutory Basis for All Causes of Action and Brief Statement of Case in this action. The present Joint Statement is being filed as to Defendants Titan Stone, Tile & Masonry, Inc. and Titan Stone, Tile & Masonry of Florida, LLC pursuant to the Court's orders of June 12, 2008 and June 17, 2008.

502(a)(3), 502(g)(2), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2), 1145. Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court as to the claims brought on behalf of the IPF and IMI.

2. Plaintiffs aver that IPF and IMI are administered in the District of Columbia and that venue for the claims asserted by the IPF and IMI is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

### Brief Statement of Case[2]

3. This is an action brought by the fiduciaries of an ERISA fund to collect alleged employer delinquencies.

4. Plaintiffs assert that Defendant Titan Interiors, LLC has executed collective bargaining agreements with local union(s) of the International Union of Bricklayers and Allied Craftworkers that obligate Titan Interiors, LLC to submit monthly reports and contributions for work performed covered by the agreements. Plaintiffs allege that Titan Stone, Inc., Titan Florida, Titan Interiors, LLC, Titan Exterior Wall Systems, Inc. ("Titan Exteriors") and Titan Stone & Tile of Nevada, LLC ("Titan Nevada") are and were, at all relevant times, alter egos in that, *inter*

---

[2] Plaintiffs, Titan Stone, Inc. and Titan Florida filed a Joint Report under Local Civil Rule 16.3 on July 7, 2008.

*alia*, they were under common control, and they operated from the same building, engaged in the same business, shared some of the same employees, members, officers, and owners, were operated and controlled by the same individual(s), and/or intermingled assets.

5. Plaintiffs recently conducted an audit on the books and records of Defendant Titan Interiors, LLC for work performed in the geographic jurisdiction of the Bricklayers and Allied Craftsmen Union No. 13 Nevada during the time period of September 2005 through April 2007 and are currently attempting to conduct an additional audit of Titan Interiors, LLC for covered work performed in additional geographic jurisdictions. At the present time, Plaintiffs have determined through shop steward reports that Titan Interiors, LLC owes Plaintiffs the amount of $10,322.34 which represents contributions, interest calculated at 15 percent per annum, and an additional computation of interest calculated at 15 percent per annum from the Due Date through October 10, 2007 for covered work performed by Titan Interiors, LLC and/or its subcontractors during the months of March 2006, April 2006, May 2006 and September 2006 within the geographic jurisdiction of the Local 4 New Jersey Funds. Additionally, through an audit performed by the independent accounting firm of H.G. "Gus" Sand & Associates, Plaintiffs have determined the amount they are owed for covered work performed by Titan Interiors, LLC during the period of September 2005 through April 2007 is $56,346.01, which represents contributions, interest, audit fees and additional interest or liquidated damages. The amounts

DSMDB-2466503v02

owed for covered work performed by Titan Interiors, LLC and/or its subcontractors during other periods is not yet known because the audit is currently being arranged.

6. On October 30, 2007, Plaintiffs served process on Titan Florida. Thereafter, Plaintiffs and Titan Florida commenced discussions toward an amicable resolution. However, on May 19, 2008, an Entry of Default against Titan Florida was entered. Thereafter, on or about May 30, 2008, Titan Florida filed its Answer and Affirmative Defenses to Plaintiffs' Complaint. On or about June 17, 2008, this Honorable Court set aside the Entry of Default against Titan Florida. The Plaintiffs and Titan Florida continue to engage in settlement discussions.

7. On April 14, 2008, Plaintiffs served process on Titan Stone, Inc. On May 9, 2008, the Court entered a Default against Titan Stone, Inc. On May 14, 2008, counsel for Titan Stone, Inc. contacted Plaintiffs' counsel and requested until May 30, 2008, to enter an answer. Defendant's counsel has agreed to accept service. Plaintiffs agreed to withdraw their Notice of Default. Thereafter, on May 29, 2008, Titan Stone filed its Answer and Affirmative Defenses to Plaintiffs' Complaint. On or about June 3, 2008, this Honorable Court set aside the Entry of Default against Titan Stone.

8. On April 14, 2008, Plaintiffs served process on Titan Exteriors. On May 9, 2008, the Court entered Default against Titan Exteriors. Plaintiffs intend to file a Motion for Default Judgment against Titan Exteriors shortly.

9. Defendant Titan Florida denies that any benefit fund contributions are due or owing to Plaintiffs because *inter alia*: (1) Titan Florida has already made all required contributions for the relevant time period; (2) Titan Florida is not obligated to make contributions for residential work, only commercial; (3) Titan Florida is not obligated to make contributions for a ninety (90) day probation period for those individuals where the local union has no information on past work history; and (4) Plaintiffs have failed to adhere to the terms of the operative collective bargaining agreement.

10. Titan Florida denies that any legal or factual basis exists to deem Titan Florida an alter ego employer with any of the co-defendants in this action.

11. Titan Florida avers that Plaintiffs' claims are barred because Plaintiffs' audit of Titan Florida's books and records performed by the accounting firm of Gordon & Schwartz is inaccurate and flawed.

DSMDB-2466503v02

12. Titan Stone, Inc. denies any benefit fund contributions are due or owing to Plaintiffs, or that any legal or factual basis exists to deem it to be an alter ego employer with the co-defendants.

Dated: July 10, 2008

By: _____/s/_____
Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
  DICKSTEIN SHAPIRO LLP
  1825 Eye Street, NW
  Washington, DC 20006
  T: (202) 420-2234
  F: (202) 420-2201
Attorneys for Plaintiffs
John Flynn, et al.

By: _____/s/_____
James Edward Rubin, DC Bar No. 456945
  THE RUBIN EMPLOYMENT LAW FIRM, PC
  11 North Washington Street, Suite 520
  Rockville, MD 20850
  T: (301) 760-7914
  F: (301) 760-7234
Attorneys for Defendant
Titan Stone, Tile & Masonry, Inc.

By: _____/s/_____
  Nick R. Hoogstraten
  PECKAR & ABRAMSON, P.C.
  Two Lafayette Centre
  1133 21st Street, NW, Suite 500
  Washington, DC 20036
  T: (202) 293-8815
  F: (202) 293-7994
Attorneys for Defendant
Titan Stone, Tile & Masonry of Florida, LLC

# CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Joint Statement of Statutory Basis for all Causes of Action and Brief Statement of Case to be served by first-class mail, this 9th day of July, 2008, upon:

>TITAN EXTERIOR WALL SYSTEMS, INC.
>70 Supor Boulevard, Building C
>Harrison, NJ 07029
>
>TITAN INTERIORS, LLC, and
>TITAN STONE & TILE OF NEVADA, LLC
>c/o Katherine E. Bierma Pregel
>LITTLER MENDELSON, P.C.
>1150 17th Street, NW, Suite 900
>Washington, DC 20036
>
>TITAN INTERIORS, LLC, and
>TITAN STONE & TILE OF NEVADA, LLC
>c/o Russell J. McEwan (admitted *pro hac vice*)
>Bryan M. Churgin (admitted *pro hac vice*)
>LITTLER MENDELSON, P.C.
>One Newark Center, 8th Floor
>Newark, NJ 07102-5311
>
>TITAN STONE, TILE & MASONRY, INC.
>c/o Angelo R. Bianchi, Esquire
>BIANCHI & BIANCHI, LLC
>80 Orchard Street
>Bloomfield, NJ 07003

TITAN STONE, TILE & MASONRY, INC.
c/o James Edward Rubin, Esquire
THE RUBIN EMPLOYMENT LAW FIRM, PC
11 North Washington Street, Suite 520
Rockville, MD 20850


TITAN STONE, TILE & MASONRY OF FLORIDA, LLC
c/o Melinda S. Gentile, Esquire
Peckar & Abramson
401 East Los Olas Blvd., Suite #1600
Fort Lauderdale, FL  33301

TITAN STONE, TILE & MASONRY OF FLORIDA, LLC
c/o Nick R. Hoogstraten, Esquire
PECKAR & ABRAMSON, P.C.
Two Lafayette Centre
1133 21st Street, NW, Suite 500
Washington D.C. 20036

_____
Evan Oxhorn

DSMDB-2466503v02